# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50091 | **DATE** | 8/6/2004 |
| **CASE TITLE** | Dehmer vs. Pruitt, et all | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the attached Memorandum Opinion and Order, it is the Report and Recommendation of the Magistrate Judge that Plaintiff's Motion to Reinstate be denied and Defendants' Petition to Enter Judgment be granted. The Magistrate Judge recommends that judgment be entered in favor of Plaintiff and against Defendant in the sum of $15,000 and that Plaintiff execute an appropriate Release of all Claims form. The parties are given ten days from service of this Order, as calculated under Rule 6, to appeal to Judge Philip G. Reinhard, pursuant to Rule 72 of the Federal Rules of Civil Procedure.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 8-9-04 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | 8/6/2004 date mailed notice | |
| | sp | courtroom deputy's initials | Date/time received in central Clerk's Office | sp mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

GARY DEHMER, )
 )
      Plaintiff, )
 )
v. ) Case No. 02 C 50091
 )
OFFICERS PRUITT, R.D. BERKE, VILLA, ) Philip G. Reinhard
MASTROIANNI, SCOTT, in their Individual ) P. Michael Mahoney
and Official Capacities and THE CITY OF )
ROCKFORD, A Municipal Corporation, )
 )
      Defendants. )

### Memorandum Opinion and Order

Currently before this court is Plaintiff's Motion to Reinstate, filed on May 24, 2004, and Defendants' Petition to Enter Judgment on Settlement Agreement, filed on June 25, 2004. Although this court gave both parties an opportunity to respond to the respective motions in writing, neither side provided this court with additional material. Therefore, for the reasons stated below, it is the Report and Recommendation of the Magistrate Judge that Plaintiff's Motion to Reinstate be denied and Defendants' Petition to Enter Judgment on Settlement Agreement be granted.

### Background

This case was originally filed in the 17th Judicial Circuit Winnebago County, IL. Plaintiff sued Defendants alleging, *inter alia*, that Defendants violated Plaintiff's civil rights pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. On March 8, 2002, Defendants filed a notice of removal from the 17th Judicial Circuit Winnebago County, IL, to this court. On April 14, 2004, at a scheduled Discovery Conference, Plaintiff and Defendants represented to this court, through their counsel, that mediation was successful and the cause was settled. This court reported the case settled and Judge

Reinhard gave the parties until May 14, 2004 to file a stipulation to dismiss. A stipulation was never filed. Rather, on May 24, 2004, Plaintiff filed a Motion to Reinstate.

Plaintiff's Motion to Reinstate simply states that "the Plaintiff has reconsidered the terms of the proposed settlement and has declined to accept them and wishes to proceed with his litigation." (Pl.'s Mot. to Reinstate at 1). Aside from one other background paragraph, Plaintiff provided no additional information to this court. Defendants, on the other hand, assert that pursuant to the settlement agreement reached by both parties, the instant case would be dismissed with prejudice and without costs to either party, Plaintiff would release the Defendants, in writing, from all claims, and Defendants would pay to Plaintiff the sum of $15,000. (Defs.' Pet. to Enter J. at 1). Defendants also indicate that the agreed upon settlement amount has been paid to Plaintiff. However, Plaintiff has not yet released, in writing, Defendants from all claims.

## Discussion

As an initial matter, this court notes that a judgment has never been entered in this case. If a Rule 58 judgment had been entered in this case, this court may not have jurisdiction. However, because no Rule 58 judgment has been entered, this court turns to Rule 60 of the Federal Rules of Civil Procedure for guidance. *See McCormick v. City of Chicago*, 230 F.3d. 319, 327 n.6 (7th Cir. 2000).[1]

---

[1] In *McCormick*, Plaintiff argued that Rule 60(b) does not apply because Plaintiff sought reinstatement before a Rule 58 final judgment was entered. The Seventh Circuit disagreed and held:
> [t]here is nothing in the law to suggest that Rule 60(b) applies only to decisions rendered final by entry of a Rule 58 judgment. By its terms, it applies to final orders and final proceedings. In fact, in *Otis v. City of Chicago*, 29 F.3d 1159, 1165 (7th Cir. 1994), we held that in cases where the district judge has entered a conditional dismissal in light of a reported settlement, 'once the time to satisfy

2

Federal Rules of Civil Procedure 60(b) provides that, upon a motion, this court may relieve a party from a final judgment, order, or proceeding due to mistake, newly discovered evidence, fraud, void judgment, changed circumstances, or in the interest of justice. Fed. R. Civ. P. 60(b). The motion must be made within reasonable time or within one year after the judgment, order, or proceeding depending on the reason for the motion. Whether to grant relief under Rule 60(b) is left to the discretion of the trial court. *See McCormick*, 230 F.3d. at 327. However, it is well established that Rule 60(b) relief is "an extraordinary remedy and is granted only in exceptional circumstances." *Id.* (quoting *Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

Plaintiff's Motion to Reinstate provides only that Plaintiff "has reconsidered the terms of the proposed settlement and has declined to accept them and wishes to proceed with his litigation." This single reason does not satisfy Rule 60(b). Specifically, Plaintiff's reason to reinstate the instant case does not represent mistake, newly discovered evidence, fraud, a void judgment or a changed circumstance. That leaves only the catch-all in the interest of justice part of the rule. *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 (1988). However, the catch-all part of Rule 60(b) is generally reserved for extraordinary circumstances and is used sparingly, requiring a showing of actual injury. *See Old Republic Ins. Co. v. Pacific Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002). That is not the case here. Mere reconsideration of the terms of a proposed settlement is not enough for a Rule 60(b) relief from judgment or order. Plaintiff has failed to satisfy any of the six reasons for relief from judgment.

---

> the condition has expired, the order is 'final' by any standard other than one making entry of a Rule 58 judgement indispensable.'

230 F.3d at 327 n.6.

Because this court has denied Plaintiff's Motion to Reinstate, the only remaining issue is whether this court should grant Defendants' Petition to Enter Judgment on Settlement Agreement. A settlement agreement is a contract, which cannot be unilaterally repudiated by any of the parties. *Herron v. City of Chicago*, 618 F.Supp. 1405, 1409 (N.D. Ill. 1985). In this case, the construction and enforcement of the settlement agreement is governed by Illinois law. *Abbott Labs v. Alpha Therapeutic Corp.*, 164 F.3d 385, 387 (7th Cir. 1999). Under Illinois contract law, a binding agreement requires a meeting of the minds or mutual assent as to all material terms. *Id.* There will be a meeting of the minds "where there has been assent to the same things in the same sense on all essential terms and conditions." *Pritchett v. Asbestos Claims Mgm't Corp.*, 773 N.E.2d 1277, 1282 (2002). Plaintiff has not provided any reason for this court to believe a meeting of the minds did not occur in the parties eventual entering into a settlement agreement. Rather, as stated above, it seems the Plaintiff merely reconsidered. Plaintiff cannot unilaterally repudiate the settlement merely because he has reconsidered his position. As such, because this court still has jurisdiction since there was no entry of judgment, this court will enforce the settlement and grant Defendants' Petition to Enter Judgment on Settlement Agreement.

## Conclusion

For the above stated reasons, it is the Report and Recommendation of the Magistrate Judge that Plaintiff's Motion to Reinstate be denied and Defendants' Petition to Enter Judgment be granted. The Magistrate Judge recommends that judgment be entered in favor of Plaintiff and against Defendant in the sum of $15,000 and that Plaintiff execute an appropriate Release of all Claims form. The parties are given ten days from service of this Order, as calculated under Rule 6, to appeal to Judge Philip G. Reinhard, pursuant to Rule 72 of the Federal Rules of Civil Procedure.

ENTER:

*[signature]*

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 8/6/04